IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SALLY GENNETT POPE**                                               **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 4:20-cv-50-JMV**

**ANDREW M. SAUL,**
**Commissioner of Social Security**                               **DEFENDANT**

## ORDER TRANSFERRING CASE

Before the Court is the parties' consent motion to change the venue of this case to the Southern District of Mississippi [24]. In support of the request, the parties state in pertinent part:

> 1. 42 U.S.C. § 405(g) provides that an action for judicial review of any final decision of the Commissioner "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides."
>
> 2. The parties agree that Plaintiff is a resident of Lawrence County, Mississippi, located in the Southern District of Mississippi.
>
> 3. When venue is improper, 28 U.S.C. § 1406(a) requires dismissal or transfer to the proper district "in the interests of justice."

The undersigned finds that in as much as venue is established at the time suit is filed, and according to the complaint at the time this suit was filed Plaintiff was a resident of Grenada, Mississippi (located in the Northern District of Mississippi), § 1406(a) does not govern the circumstances of this case.[1]  *See Unice v. Berryhill*, No. 3:16cv02469, 2018 WL 5871814, at *3 (M.D. Tenn. Nov. 9, 2018) ("If venue is proper when the case is brought, subsequent changes in residence of the parties do not

---

[1] District courts have the power to dismiss or transfer cases when a plaintiff files in an improper venue. Title 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The parties do not assert the complaint incorrectly identified the Plaintiff's residence at the time suit was filed.

require a change of venue."). *See also Baynham v. Colvin*, No. 14-2053-SAC, 2014 WL 6863454, at *1 (D. Kansas Dec. 3, 2014) (citing *Tatar v. Levi*, 2010 WL 3740610, at *3 (D.N.J. Sept. 20, 2010) (same). *Cf. Holmes v. Energy Catering Services*, LLC, 270 F. Supp. 2d 882, 885 n.1 (S.D. Tex. 2003) (pointing out that under 28 U.S.C. § 1391, the general venue statute, venue is determined when the suit is filed and is not affected by subsequent events). However, the Court finds it is, nevertheless, authorized to transfer venue pursuant to 28 U.S.C. 1404(a). This section provides that a change of venue may be granted, in the interest of justice, to any other district or division in which the case might have been brought or to any district or division to which all parties have consented. 28 U.S.C. 1404(a).

Because the parties have consented to a transfer of venue where the plaintiff currently resides, the Southern District of Mississippi, the Court finds, in the interest of justice, the case should be transferred. *Cf. Fraser v. Berryhill*, No. 3:17cv2150-BT, 2018 WL 2017721, at *2 (N.D. Tex. April 30, 2018) (granting a change of venue under § 1404(a), though venue was proper at the time suit was filed, because the plaintiff moved during the pendency of the suit to another district).

IT IS, THEREFORE, ORDERED, that the parties' motion is granted in part, and the Clerk of this Court is directed to forthwith transfer the above styled and numbered cause to the United States District Court for the Southern District of Mississippi, Eastern Division.

SO ORDERED this 9th day of April, 2021.

/s/ Jane M. Virden  
UNITED STATES MAGISTRATE JUDGE