IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SALLY GENNETT POPE**                                                                  **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 2:21-cv-55-TBM-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                                        **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [27] entered by United States Magistrate Judge Michael T. Parker on October 15, 2021. The Plaintiff, Sally Gennett Pope, appeals the final Social Security Administration decision of the Administrative Law Judge (ALJ) denying her claim for disability benefits. The Plaintiff specifically raises four errors on appeal: (1) the ALJ erred in her evaluation of the medical opinions of Dr. Hubbs and Dr. Raju, (2) the ALJ failed to grant the Plaintiff's request for an additional expert opinion, (3) the ALJ failed to find that her medical conditions were severe impairments, and (4) the ALJ erred by substituting her opinion for a medical opinion. Upon consideration of the hearing transcript, the medical records, and the applicable law, Judge Parker recommends that the Court adopt the Report and Recommendation [27] and affirm the Commissioner's final decision.

The Plaintiff has not filed an objection to the Report and Recommendation, and the time for filing an objection has expired. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition (citations omitted). *See Casas v. Aduddell*, 404 F. App'x 879, 881 (5th Cir. 2010) (citing *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1))

(affirming district court's dismissal of § 1983 clams and stating that "[w]hen a party fails timely to file written objections to the magistrate judge's proposed findings, conclusions, and recommendation, that party is barred from attacking on appeal the unobjected-to proposed findings and conclusions which the district court accepted, except for plain error"); *Douglass*, 79 F.3d at 1430 (affirming district court's grant of summary judgment).

Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Within the Report and Recommendation, Judge Parker first finds that the ALJ's evaluation of the opinions of Dr. Hubbs and Dr. Raju is supported by substantial evidence. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)) ("Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance."). The ALJ evaluated the persuasiveness of these two medical opinions, specifically explaining how she considered the supportability and consistency factors. The ALJ found that the opinions of Dr. Hubbs and Dr. Raju—which covered a period over two years after the relevant period—were not persuasive and were not relevant to assessing the claimant's functioning within the relevant period. The ALJ further found that the progress notes by Dr. Hubbs and Dr. Raju during the relevant period were inconsistent with medical records from other treating physicians. The Report and Recommendation explains that the ALJ fully considered the opinions of both Dr. Hubbs and Dr. Raju, and that there is no basis for reversal or remand of the ALJ's decision.

Judge Parker also found within the Report and Recommendation that the ALJ did not commit reversable error by declining to obtain an updated medical opinion on whether the Plaintiff's impairments equal the severity of one of the listed impairments. In evaluating the Plaintiff's subjective complaints and limitations, the ALJ considered the opinions of two state agency medical consultants who both determined that Plaintiff had no severe impairments prior to her date last insured. Additionally, the Plaintiff failed to show that she was prejudiced by the ALJ's decision by demonstrating that an updated medical opinion would have altered the ALJ's listing equivalence determination.

Next, Judge Parker found that the ALJ did not err in the finding that Plaintiff did not suffer from a severe impairment. In making this finding, the ALJ considered the statements and opinions of Dr. Gibson and Dr. James who determined that Plaintiff had no severe impairments. The ALJ found that Plaintiff failed to meet her burden of proving a severe impairment, and that the record did not demonstrate that she suffered from significant functional limitations resulting from her irritable bowel syndrome and urinary incontinence.

Finally, Judge Parker found that the ALJ did not substitute her opinion for medical professionals. In evaluating the Plaintiff's subjective complaints and limitations, the ALJ considered numerous reports and medical records—noting that the Plaintiff's condition improved during the relevant period. Judge Parker further found that the ALJ gave sufficient reasons for her findings, and that substantial evidence supports the ALJ's residual functional capacity assessment.

The Court finds that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law. The Report and Recommendation will be adopted as the opinion of the Court.

IT IS ORDERED AND ADJUDGED that the Report and Recommendation [27] entered by United States Magistrate Judge Michael T. Parker on October 15, 2021, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the decision of the Social Security Administration is AFFIRMED, and this CASE is DISMISSED with PREJUDICE.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

THIS, THE 29th DAY OF DECEMBER, 2021.

                                               TAYLOR B. McNEEL
                                               UNITED STATES DISTRICT JUDGE